**Marlene DUNCAN, Administratrix of the Estate of Thomas Hershal Duncan, Deceased, Plaintiff,**

v.

**David Lynn DUNEVANT, Defendant.**

**Civ. A. No. 2315.**

United States District Court,
W. D. Kentucky,
Paducah Division.

March 2, 1973.

Dempster, Yokley & Fuchs, Sikeston, Mo., W. David Denton, Paducah, Ky., for plaintiff.

Earle T. Shoup, Paducah, Ky., for defendant.

## MEMORANDUM OPINION

ALLEN, District Judge.

This action, seeking damages in the amount of $139,000 for the alleged wrongful death of Thomas Hershel Duncan, as a result of the alleged negligent operation of an automobile by the defendant, was submitted to the Court on the motion of the defendant for summary judgment following an oral argument held by agreement of counsel and the Court on February 27th, 1973.

It appears from the depositions and documents of record that defendant was operating an automobile in the early morning hours of August 24, 1971. He and a friend, David Tucker, were on a squirrel hunting expedition and had left their homes intent upon getting into the woods before sunrise. It was dark and there was a heavy ground fog.

Defendant was operating an automobile on Kentucky Highway 1124, which is a rural type highway. He had driven a short distance on that highway when he came to a rise in the road and a 90 degree curve. The lights of the automobile were in operation and were on low beam. The speed of defendant's automobile was approximately 25 to 30 miles per hour. There is no contention by the plaintiff that this speed was in excess of the speed limit at that particular location.

As defendant's automobile emerged from the curve, it was confronted with another automobile going in the opposite direction which had its lights turned on. At this point in time, defendant noticed a backhoe parked on the right shoulder of the highway about 20 to 30 yards ahead of him. The backhoe was located about one foot from the paved surface of the highway and had no lights on it. When the defendant's automobile was approximately 50 to 60 feet distance from the backhoe, he and his passenger noticed an object in the highway in their lane of traffic. The object was lying near the backhoe. At that time, the oncoming automobile was approximately the same distance from the object as was the defendant's automobile.

Defendant, faced with this emergency, decided that he would attempt to straddle the object in the highway rather than go to his right where the backhoe was located or to his left where he would collide with the other automobile. Just before the defendant's automobile was about to pass over or near the object, the defendant's passenger ascertained that the object was the body of a man lying on his back parallel to the pavement and approximately 3 feet from the backhoe. Some of the undercarriage of the automobile came in contact with the body. Defendant's automobile was brought to a stop approximately 60 feet from where the body was lying and the body was dragged approximately the same distance.

When the police and ambulance were called to the scene, it was testified to that both vehicles used by them had difficulty in stopping after rounding the curve and before arriving at the spot where the body and the automobile were then located.

A Coroner's Inquest was held to determine the cause of death of plaintiff's decedent, Thomas Hershel Duncan. In that Inquest, it was not determined whether plaintiff's decedent had died prior to the collision between the defendant's automobile and the prone body, or whether death occurred as the proximate cause of the automobile striking the body. There is evidence in the record which indicates that the plaintiff's decedent may have stolen the backhoe, which was located close to the scene of the accident, and driven it from Sikeston, Missouri to the point where the accident occurred.

Plaintiff's counsel admitted to the Court that he could not produce any affidavits in opposition to the motion for summary judgment. Neither plaintiff nor defendant cited any authorities.

It is obvious from what has been stated in describing the factual aspects of this case that plaintiff's decedent was guilty of contributory negligence, as a matter of law, in that he was lying prostrate on a paved highway and consequently without any opportunity of keeping a lookout for his own protection. The only question that arises is whether or not a jury issue as to "last clear chance" could be presented by the plaintiff, which would preclude the Court from barring summary judgment. In the only Kentucky case involving an automobile and an inert body on the paved portion of the highway, Bolus v. Martin L. Adams and Son, 438 S.W.2d 79 (Ky. 1969), the Court of Appeals reversed a directed verdict for the defendant and held that the action should have been submitted to the jury on the question of "last clear chance". However, in that case, plaintiff was riding in an automobile which went out-of-control and hit a tree. As a result of the collision with the tree, the plaintiff was thrown into the right lane of the highway. The defendant, who had been following the automobile in which plaintiff was riding, testified that he had been following about 100 yards back, and there was other evidence which would have warranted a finding of some 400 feet back. He testified that he did not see plaintiff's body until he was 20 feet from the point of impact. The evidence showed that Adams could have applied his brakes and stopped his car well in advance of the point of impact had he applied his brakes at the time he saw the plaintiff's automobile go out-of-control.

The facts in Bolus are markedly different than those in the case at bar, and this case is governed by the decision of the Court of Appeals of Kentucky in Saddler v. Parham, 249 S.W.2d 945 (Ky.1952). There the plaintiffs were walking on the right side of a country highway, three abreast. They were struck by the automobile of the defendant which was going between 35 and 40 miles per hour. The defendant testified that as he neared the point of impact a vehicle passed him going in the opposite direction, and he was temporarily blinded by his lights. He stated that he did not see the boys until he was within 15 or 20 feet of them and immediately applied his brakes and attempted to swerve to his left to avoid them. The Court of Appeals held that where the pedestrian walks with his back to traffic in violation of Statute K.R.S. 189.570(6), which requires a pedestrian to walk on the left side of the highway, and deprives himself of any opportunity to observe oncoming traffic, he is negligent as a matter of law. The court also held that the defendant in the case did not have a "last clear chance" in that he did not actually discover the plaintiff's peril in time to avoid him. It was held that it is only where the plaintiff is physically unable to escape from his peril that the defendant is held responsible, on the ground that he should have discovered the peril.

In the instant case, it is true that plaintiff was physically unable to escape from his peril, but the plaintiff's case must fail because there is no evidence showing that the defendant should have discovered the peril in time to have avoided plaintiff's peril.

The Court has not discussed questions raised as to whether or not plaintiff's decedent's death occurred as a result of the impact between defendant's automobile and his inert body or whether, in fact some independent cause, apart from the collision, had already caused his death prior to the impact. Neither do we reach the question of whether or not the plaintiff's administratrix was the proper party to bring this suit for the plaintiff's estate, in light of our feeling that the motion for summary judgment is warranted under applicable tort principles.

The Court has this day entered summary judgment for defendant.